[627 NYS2d 677]

In the Matter of DAVID N. BROCKETT (Admitted as DAVID NELSON BROCKETT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 1995

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David N. Brockett was admitted to the practice

of law in the State of New York by the First Judicial Department on March 22, 1982 under the name David Nelson Brockett. The Departmental Disciplinary Committee (the Committee) now moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (iii), suspending respondent from the practice of law forthwith based upon uncontested evidence of professional misconduct.

The Committee contends that in response to a request to register sent to respondent by the Office of Court Administration (OCA), OCA received a signed, handwritten note which stated: "I am a drug addict and unfit for the practice of law. Please revoke my license to practice in the State of New York."

In response to the foregoing information which was forwarded by OCA, the Committee searched for respondent and ascertained that he had been arrested in Bridgeport, Connecticut, for felony burglary. The criminal complainant, who was an acquaintance of respondent, asserted in her statement to the police that respondent was a "crack addict", that he did not have authority or permission to enter her home, and that he stole $120 from her after gaining entry by smashing a window. Respondent failed to return to court in Connecticut on the appointed day and, as of March 21, 1994, an arrest warrant was issued and respondent has also been charged with bail jumping.

Efforts by the Committee to contact respondent at his last known address and at the last law firm where he was employed were futile and respondent left no forwarding address. Respondent was thereafter served with the within motion to suspend by publication in the New York Law Journal on January 25, 1995 pursuant to this Court's order of January 13, 1995 which authorized such service. Respondent has failed to appear to date.

In view of the uncontested evidence presented herein, namely, respondent's admission to OCA of his drug use and inability to practice law, and the police report and outstanding arrest warrant for alleged criminal activity in Connecticut, we conclude that respondent constitutes a threat to the public interest and a danger to any potential clients.

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court.

Sullivan, J. P., Kupferman, Ross, Williams and Tom, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as the disciplinary matters before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.