[649 NYS2d 125]

In the Matter of DAVID N. BROCKETT (Admitted as DAVID NELSON BROCKETT), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 15, 1996

**APPEARANCES OF COUNSEL**

*Richard Supple* of counsel (*Hal R. Lieberman*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per curiam

Respondent, David N. Brockett, was admitted as David Nelson Brockett, to the practice of law in the State of New York

by the First Judicial Department on March 22, 1982. On June 11, 1993, the Office of Court Administration forwarded a letter written by respondent to the Departmental Disciplinary Committee (the Committee) wherein he admitted, *inter alia*, that he was "a drug addict and unfit for the practice of law."

The Committee, during its investigation, learned that respondent had been arrested in June 1993 for felony burglary in Fairfield, Connecticut, and, after he was arraigned and posted bail, had failed to appear for a scheduled court date. As a result, respondent was further charged with felony bail jumping and a warrant was issued for his arrest.

In an order dated January 13, 1995, this Court permitted the Committee to serve respondent in the New York Law Journal with a motion to suspend respondent from the practice of law. In view of the uncontested evidence and respondent's failure to appear, the motion was subsequently granted (*Matter of Brockett*, 211 AD2d 282).

The Committee thereafter filed a Notice and Statement of Charges against respondent alleging violations of Code of Professional Responsibility DR 1-102 (A) (5) and two counts of DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3) by admittedly using narcotics and by failing to heed a lawful demand to appear in the Superior Court of the State of Connecticut. On September 17, 1995, the Committee published the full text of the Charges in the New York Law Journal and respondent has neither answered those Charges nor contacted the Committee.

On November 14, 1995, a Hearing Panel was convened to consider the allegations against respondent. Respondent did not appear at the hearing and all the allegations were deemed admitted by default. At the conclusion of the hearing, the Panel issued a report sustaining the Charges and recommending that the respondent be disbarred.

By petition dated June 5, 1996, which was served upon respondent by publication in the New York Law Journal, the Committee moved for an order confirming the Hearing Panel report. In view of the fact that respondent has not answered the petition, coupled with his admitted drug use and concession that he is unfit to practice law, the Committee's motion to confirm the Hearing Panel's report is granted and the respondent is disbarred.

SULLIVAN, J. P., KUPFERMAN, ROSS, WILLIAMS and TOM, JJ., concur.

Petition to confirm the Hearing Panel's findings, conclusions and recommendation is granted, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.