[733 NYS2d 3]

In the Matter of HOWARD B. ADLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 2001

### APPEARANCES OF COUNSEL

*Joseph J. Hester* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Jerome Karp* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Howard B. Adler was admitted to the practice of law in New York by the Second Judicial Department on Janu-

ary 19, 1983. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (hereinafter the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) immediately suspending respondent from the practice of law. The Committee maintains that respondent should be suspended on an interim basis to protect the public because there is undisputed evidence that he has engaged in serious professional misconduct.

In support of the Committee's position, a former client of respondent (LSJ) avers that he transferred $840,000 to respondent during the time in which respondent was his attorney. When LSJ sought the return of these funds, respondent told him, among other things, that the Committee had confiscated the money. Respondent gave LSJ a copy of a letter on Committee letterhead, bearing the apparent signature of staff counsel and purporting to confirm that the Committee was in possession of LSJ's funds. However, staff counsel for the Committee never wrote or signed this letter, and the Committee never confiscated any money from respondent.

Respondent does not oppose the proceeding to suspend him. He only seeks an adjournment to conduct the sale of his house, in order to obtain a commission therefrom, to apply toward restitution. The Committee objects to any adjournment because any commission earned would fall far short of his restitution obligations.

The Committee contends that respondent's actions which constitute professional misconduct are twofold. His actions constitute criminal possession of a forged instrument in the second degree, a class D felony (see, Penal Law § 170.25) and misappropriation of funds, which justifies an interim suspension (see, Matter of Crispino, 250 AD2d 24; Matter of Goodman, 229 AD2d 151). We also note that, although the indictment filed against respondent is not presented as evidence of misconduct, respondent has been charged with multiple counts of grand larceny in the second degree and third degree, involving over $200,000 in allegedly stolen funds; forgery in the second degree; and criminal possession of a forged instrument in the second degree.

In view of the foregoing, the Committee has demonstrated adequately that respondent is guilty of misconduct immediately

threatening the public interest so as to warrant immediate suspension from the practice of law.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted, and respondent suspended from the practice of law, effective immediately, until further order of this Court.

ANDRIAS, J. P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court.