[740 NYS2d 215]

In the Matter of HOWARD B. ADLER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 23, 2002

## APPEARANCES OF COUNSEL

*Joseph J. Hester* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Howard B. Adler was admitted to the practice of

law in New York by the Second Judicial Department on January 19, 1983. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In an indictment filed July 11, 2001, respondent was charged in the Supreme Court, New York County, with four counts of grand larceny in the second degree (Penal Law § 155.40 [1] [a class C felony]); two counts of grand larceny in the third degree (Penal Law § 155.35 [a class D felony]); four counts of forgery in the second degree (Penal Law § 170.10 [1] [a class D felony]); and two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25 [a class D felony]). This indictment alleged that respondent stole property having a total value in excess of $200,000 and that he altered bank documents and contracts of sale.

In a separate indictment filed September 7, 2001, respondent was charged in the same court with two counts of grand larceny in the second degree (Penal Law § 155.40 [1] [a class C felony]); grand larceny in the third degree (Penal Law § 155.35 [a class D felony]); eight counts of forgery in the second degree (Penal Law § 170.10 [1] [a class D felony]), seven counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25 [a class D felony]); and tampering with public records in the first degree (Penal Law § 175.25 [a class D felony]). This indictment involved stolen property in excess of $100,000, and the forgery of bank documents, court documents, and a letter purportedly from the Departmental Disciplinary Committee staff.

On December 5, 2001, respondent pleaded guilty to all of the charges listed in both indictments.

By order of this Court entered November 1, 2001 (287 AD2d 62), respondent was suspended from the practice of law on an interim basis, pursuant to 22 NYCRR 603.4 (e) (1) (iii), based upon uncontested evidence that respondent, inter alia, converted client funds in excess of $840,000 and forged certain documents (*Matter of Adler*, 287 AD2d 62).

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been disbarred upon his convictions of felonies as defined in Judiciary Law § 90 (4) (e) (*see, Matter of Rodwin*, 271 AD2d 167). Respondent submitted no response to the motion.

Respondent was automatically disbarred upon entry of his plea of guilty to a New York felony pursuant to Judiciary Law

§ 90 (4) (e) (*see* Judiciary Law § 90 [4] [b]; *Matter of Seader,* 257 AD2d 285; *Matter of Baum,* 258 AD2d 83). Accordingly, the Departmental Disciplinary Committee's petition seeking an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted, respondent disbarred, and his name stricken from the role of attorneys and counselors-at-law authorized to practice law in this state.

ANDRIAS, J.P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.