[749 NYS2d 529]

In the Matter of DAVID N. BROCKETT (Admitted as DAVID NELSON BROCKETT), a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 2002

**APPEARANCES OF COUNSEL**

*La Trisha A. Wilson* (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent David N. Brockett was admitted to the practice of law in the State of New York by the First Judicial Department on March 22, 1982 as David Nelson Brockett, and at all

times pertinent to this proceeding has maintained an office for the practice of law within the First Judicial Department.

By order entered June 13, 1995 (211 AD2d 282) this Court suspended respondent from the practice of law, and thereafter disbarred him upon his default in that proceeding (225 AD2d 96), arising from his alleged failure to appear in a Connecticut Superior Court matter regarding his 1993 arrest for felony burglary, and on allegations regarding his admitted use of controlled substances. Respondent thereafter moved to reopen the disciplinary proceeding. By order entered May 18, 1999, we reinstated respondent to the practice of law (261 AD2d 252). However, by indictment filed on January 28, 2000, respondent was charged with grand larceny in the third degree, a class D felony (Penal Law § 155.35) and multiple counts of forgery in the second degree, also a class D felony (Penal Law § 170.10 [1]). The indictment states that respondent knowingly and intentionally forged the signature of one Iris Boddington, who allegedly suffered from Alzheimer's disease, on 13 separate checks from her account made payable to himself, in the aggregate amount of approximately $20,000. Respondent was convicted after a jury trial of all counts of the indictment and was sentenced to six months incarceration, five years probation and restitution.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys insofar as he was automatically disbarred upon his conviction of a felony (Judiciary Law § 90 [4] [a], [e]). Insofar as respondent's disbarment was automatic (*Matter of Adler*, 292 AD2d 81 [convictions of grand larceny in the third degree and forgery in the second degree]), the petition should be granted and respondent's name stricken from the roll of attorneys.

WILLIAMS, P.J., TOM, SULLIVAN, ROSENBERGER and RUBIN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York.