[764 NYS2d 688]

In the Matter of JAMES P. CONROY (Admitted as JAMES PATRICK CONROY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 30, 2003

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York

by the Second Judicial Department on March 22, 1967, under the name James Patrick Conroy. At all times relevant to these proceedings, respondent maintained his principal place of business within the First Judicial Department.

Respondent was charged in an indictment filed in the Supreme Court, New York County, with four counts of grand larceny in the first degree in violation of Penal Law § 155.42; two counts of tampering with physical evidence in violation of Penal Law § 215.40 (1); and conspiracy in the fourth degree in violation of Penal Law § 105.10 (1), all felonies. The indictment alleges that from January 1998 through June 2001 respondent and his codefendants participated in a scheme in which they stole approximately $27 million from a former client, an investment firm now in bankruptcy, and that respondent knowingly prepared false physical evidence.

On April 29, 2003, following a jury trial, respondent was found guilty of three counts of grand larceny in the first degree, two counts of tampering with physical evidence, and one count of conspiracy in the fourth degree, all felonies. Respondent is scheduled to be sentenced on September 30, 2003.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he was automatically disbarred upon his conviction of those felonies (§ 90 [4] [a]; *Matter of Rodwin*, 271 AD2d 167 [2000]). Respondent has not responded to this petition.

Inasmuch as a conviction for "any criminal offense classified as a felony under the laws of this state" results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [a], [e]; *Matter of Seader*, 257 AD2d 285 [1999]), respondent was automatically disbarred upon his conviction pursuant to Judiciary Law § 90 (4) (a) and, accordingly, his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) (*Matter of Adler*, 292 AD2d 81 [2002]). Although respondent had not yet been sentenced at the time of this motion, the motion is nevertheless timely since a conviction calls for automatic disbarment at the time of plea or verdict (*Matter of Carpenter*, 305 AD2d 19 [2003]; *Matter of Merrill*, 214 AD2d 244 [1995]).

Accordingly, the Committee's petition seeking an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted, respondent disbarred, and his name stricken from the role of attorneys and counselors-at-law authorized to practice law in the State of New York, nunc pro tunc.

NARDELLI, J.P., ANDRIAS, SAXE, WILLIAMS and FRIEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 29, 2003.