[783 NYS2d 42]

In the Matter of MITCHELL L. SINGER (Admitted as MITCHELL LEE SINGER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 28, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mitchell L. Singer was admitted to the practice of

law in the State of New York by the First Judicial Department on June 28, 1978, as Mitchell Lee Singer. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered November 26, 2002 (*see* 301 AD2d 336 [2002]), this Court immediately suspended respondent from the practice of law based upon his failure to cooperate with the Departmental Disciplinary Committee's investigation into 20 complaints filed against him, his refusal or failure to pay a judgment entered against him and other uncontested evidence of misconduct (*see* 22 NYCRR 603.4 [e] [1] [i], [iii], [iv]).

In August 2002, respondent was charged in an indictment in Supreme Court, New York County, with two counts of grand larceny in the third degree (Penal Law § 155.35) and two counts of criminal possession of stolen property in the third degree (Penal Law § 165.50) for stealing funds from clients' escrow accounts. On August 7, 2003, respondent pleaded guilty to the crime of grand larceny in the third degree, a class D felony (*see* Penal Law § 155.35). On August 7, 2004, respondent was sentenced to five years probation.

The Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) upon the ground that he has been automatically disbarred upon his conviction of a felony as defined in Judiciary Law § 90 (4) (e). Respondent, through counsel, does not oppose the relief sought by the Committee.

In light of respondent's felony conviction in a New York State court of the crime of grand larceny in the third degree, grounds exist for his automatic disbarment under Judiciary Law § 90 (4) (a) (*see Matter of Brockett*, 301 AD2d 162 [2002]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 7, 2003.

MAZZARELLI, J.P., ANDRIAS, SAXE, MARLOW and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 7, 2003.