[812 NYS2d 104]

In the Matter of AFI DRAKE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Afi Drake was admitted to the practice of law in New York by the First Judicial Department on February 5, 2004. Respondent does not presently maintain a law office in New York.

By an indictment filed in September 2004 in the United States District Court for the Eastern District of Pennsylvania, respondent was charged with 53 counts of bank fraud in violation of 18 USC §§ 1344 and 2, a felony. On April 4, 2005, respondent pleaded guilty to two counts of bank fraud, causing losses to banks of $67,508. She was sentenced to time served, placed on six months' home confinement and five years' supervised release, and ordered to pay restitution.

The Departmental Disciplinary Committee now moves, pursuant to Judiciary Law § 90 (4) (b), for an order striking respondent's name from the roll of attorneys on the ground that she has been disbarred upon her conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent has interposed no response.

This Court has previously found that a conviction of bank fraud is "essentially similar" to New York Penal Law § 155.40, grand larceny in the second degree, and Penal Law § 190.65, scheme to defraud in the first degree, both felonies (*see Matter of Cooper*, 196 AD2d 137, 138-139 [1994]). Respondent's conviction therefore provides a proper predicate for her automatic disbarment under Judiciary Law § 90 (4) (b) (*see Matter of Margiotta*, 60 NY2d 147, 150 [1983]), inasmuch as a conviction for any criminal offense classified as a felony results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [a], [e]).

Accordingly, the petition should be granted and respondent's name should be stricken from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (b), nunc pro tunc to April 4, 2005, the date of entry of the plea (*see Matter of Conroy*, 309 AD2d 57, 58 [2003]).

SAXE, J.P., FRIEDMAN, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 4, 2005.