[907 NYS2d 429]

In the Matter of CRAIG J.J. SNYDER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 23, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Anne E. Scherzer* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent Craig J.J. Snyder was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 1990. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

By order entered January 14, 2010 (71 AD3d 140 [2010]), this Court immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (iii), based on uncontested evidence of professional misconduct, namely, that he had converted to his personal use settlement funds he was holding in escrow which totaled approximately $244,000.

On March 8, 2010, respondent pleaded guilty to grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony, arising out of the same allegations which were the subject of the Departmental Disciplinary Committee's (Committee) investigation. During his plea allocution, respondent admitted that from on or about December 1, 2004 to on or about July 22, 2005, he stole property from the estate and heirs of William Mulligan and that the value of the property exceeded $3,000. On April 19, 2010, respondent was sentenced to a three-year conditional discharge and 200 hours of community service.

The Committee now seeks an order striking respondent's name from the role of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The Committee also seeks an order of restitution in the amount of $244,427, payable to Honor J. Mulligan or the Lawyers' Fund for Client Protection, which hopes to satisfy Ms. Mulligan's claim. Respondent has not submitted a response.

Respondent's conviction of the New York felony of grand larceny in the third degree constitutes grounds for disbarment under Judiciary Law § 90 (4) (a) and (e) (*see Matter of Cherry*, 51 AD3d 119 [2008]; *Matter of Singer*, 12 AD3d 15 [2004]), and he should be ordered to make restitution (*see Matter of Hsu*, 257 AD2d 309 [1999]).

Accordingly, the Committee's petition should be granted, respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 8, 2010, and respondent ordered to make monetary restitution pursuant to Judiciary Law § 90 (6-a) (a), as set forth

in the confession of judgment. Respondent shall reimburse the Lawyers' Fund for Client Protection for any awards made on behalf of Honor Mulligan.

FRIEDMAN, J.P., McGUIRE, RENWICK, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 8, 2010.