[709 NYS2d 396]

In the Matter of RICHARD RODWIN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 23, 2000

**APPEARANCES OF COUNSEL**

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Richard Rodwin, was admitted to the practice of law in New York by the First Judicial Department on December

5, 1955, and at all times relevant herein has maintained an office for the practice of law within this Department.

In an indictment filed on February 17, 1999, respondent was charged in Supreme Court, New York County, with grand larceny in the first degree and four counts of grand larceny in the second degree, in violation of Penal Law §§ 155.42 and 155.40 (1), respectively, in connection with his alleged theft of client funds in excess of $1,150,000. On March 4, 1999, respondent was suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (iii), on the basis of uncontroverted evidence of serious professional misconduct. (*Matter of Rodwin*, 253 AD2d 67.) On September 14, 1999, respondent pleaded guilty to each of the five felony counts.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of a felony as set forth in Judiciary Law § 90 (4) (e). It is clear that the crimes of which respondent has been convicted constitute felonies under Judiciary Law § 90 (4) (e). While respondent has not yet been sentenced, a guilty plea is a sufficient basis for automatic disbarment. (*Matter of Baum*, 258 AD2d 83; *Matter of David*, 145 AD2d 150.)

Accordingly, the petition should be granted, respondent disbarred, and his name stricken from the roll of attorneys.

SULLIVAN, P. J., NARDELLI, MAZZARELLI, WALLACH and RUBIN, JJ., concur.

Petition granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.