[771 NYS2d 886]

In the Matter of MATTHEW WEISSMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 26, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill (Raymond Vallejo* of counsel), for petitioner. No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Matthew Weissman was admitted to the practice of law in the State of New York by the First Judicial Department on July 8, 1985. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent and a codefendant were indicted for various felonies relating to participating in a scheme to defraud the Federal Emergency Management Agency and for stealing money from various government agencies and September 11th related charities. On November 5, 2003, in the Supreme Court, New York County, respondent was convicted after a jury trial of 24 felonies, to wit, scheme to defraud in the first degree in violation of Penal Law § 190.65 (1) (b); grand larceny in the second degree in violation of Penal Law § 155.40 (1); falsifying business records in the first degree in violation of Penal Law § 175.10 (17 counts); grand larceny in the third degree in violation of Penal Law § 155.35 (3 counts); grand larceny in the fourth degree in violation of Penal Law § 155.30 (1); and attempted grand larceny in the third degree in violation of Penal Law §§ 110.00 and 155.35.

By letter dated November 14, 2003, respondent notified the Disciplinary Committee of his felony conviction. The Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that by virtue of his felony conviction he has been automatically disbarred. This motion is timely "since it is well settled that the date of plea or verdict is the date of conviction that triggers disbarment" (*Matter of Christiansen*, 220 AD2d 98, 99 [1996]). In any event, respondent has since been sentenced. Respondent has failed to appear or answer the petition. Respondent's conviction constitutes grounds for automatic disbarment (*see* Judiciary Law § 90 [4] [a], [e]).

Accordingly, petitioner's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 5, 2003.

BUCKLEY, P.J., NARDELLI, TOM, FRIEDMAN and MARLOW, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 5, 2003.