[774 NYS2d 329]

In the Matter of JENNIFER M. HAMPTON (Admitted as JENNIFER MARY HAMPTON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 13, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill (Raymond Vallejo* of counsel), for petitioner. No appearance by respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jennifer M. Hampton was admitted to the practice of law in the State of New York as Jennifer Mary Hampton by the First Judicial Department on August 11, 1999. At all times relevant hereto, respondent maintained an office for the practice of law within the First Judicial Department.

In 2002, respondent and a codefendant were indicted on multiple felonies relating to an alleged scheme to fraudulently induce investors to purchase investments in a currency trading fund which in fact did not exist by misrepresenting the nature of the investment opportunities and the intended use of the invested funds. In 2003, respondent was also indicted on one count of grand larceny in the second degree relating to her alleged theft of property from her employer, White & Case. This indictment arose out of respondent's use of a corporate American Express card, issued to her by White & Case, to charge personal expenses in excess of $100,000, including hotel charges and the cost of a New Year's Eve party she hosted with her codefendant.

On November 18, 2003, in the Supreme Court, New York County, respondent was convicted, upon her plea of guilty, of scheme to defraud in the first degree in violation of Penal Law § 190.65 (1) (b) in full satisfaction of the 2002 indictment and grand larceny in the second degree in violation of Penal Law § 155.40 (1) in full satisfaction of the 2003 indictment.

The Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that by virtue of her felony convictions she has been automatically disbarred. This motion is timely "since it is well settled that the date of plea or verdict is the date of conviction that triggers disbarment" (*Matter of Christiansen*, 220 AD2d 98, 99 [1996]). Respondent has not submitted a response to this petition and her convictions constitute grounds for automatic disbarment (*see* Judiciary Law § 90 [4] [b], [e]). Accordingly, petitioner's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 18, 2003.

BUCKLEY, P.J., TOM, SULLIVAN, ELLERIN and WILLIAMS, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 18, 2003.