[825 NYS2d 641]

In the Matter of JOSHUA J. JUST (Admitted as JOSHUA JETHRO JUST), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Nicolas C. Cooper* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on January 30, 1991, as Joshua Jethro Just. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

On August 9, 2006, respondent pleaded guilty in Supreme Court, New York County, to scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (a), a class E felony. Upon his plea allocution, respondent admitted that between 2003 and 2005 he and his law partner Michael Mann engaged in a scheme in which they fraudulently obtained approximately $275,000 from 10 or more of their clients by charging clients for expenses which either did not exist or the law firm did not pay for. Respondent was sentenced on November 30, 2006 to five years probation.

The Departmental Disciplinary Committee now petitions for an order striking respondent's name from the roll of attorney pursuant to Judiciary Law § 90 (4) (b) on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). It is well settled that respondent's conviction of a felony under the Penal Law constitutes grounds for automatic disbarment (*Matter of Hampton*, 6 AD3d 82 [2004]; *Matter of Weissman*, 5 AD3d 28 [2004]).

In his affidavit in response to the Committee's petition, respondent consents to the petition and admits that he ceased to be an attorney upon his August 9, 2006 felony conviction. He further avers that he has fully cooperated with the prosecuting authorities and, in addition to entering his guilty plea, he agreed to make restitution. In anticipation of losing his ability to continue the practice of law, he has closed his law office and, to the best of his ability, either concluded pending cases or, with his clients' consent, arranged for substitute counsel. Respondent states that he has fulfilled his obligation under Judiciary Law § 90 (4) (c) and rule 603.12 (f) (22 NYCRR 603.12 [f]) by promptly notifying this Court of his conviction. He further states that he has fully complied with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 603.13), and that he is prepared to file an affidavit of compliance in accordance with rule 603.13 (f) within 10 days of receipt of our order granting the petition.

Accordingly, the Disciplinary Committee's petition should be granted, and respondent's name be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 9, 2006.

ANDRIAS, J.P., FRIEDMAN, SULLIVAN, NARDELLI and MALONE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 9, 2006.