[834 NYS2d 187]

In the Matter of CAMPBELL M. HOLDER (Admitted as CAMPBELL McCLARENCE HOLDER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 3, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Campbell M. Holder was admitted to the practice of law in the State of New York by the Second Judicial Department on March 27, 1991, under the name Campbell McClarence Holder. At all times relevant to the instant proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about June 16, 2006, respondent was charged in an indictment filed in New York County, Supreme Court, with scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]); six counts of grand larceny in the second degree (Penal Law § 155.40 [1]); grand larceny in the third degree (Penal Law § 155.35) and forgery in the second degree (Penal Law § 170.10 [1]). This indictment alleged that respondent stole money from seven clients over a four-year period and altered an insurance company check.

On November 1, 2006, respondent pleaded guilty, in full satisfaction of the indictment, to six counts of grand larceny in the second degree (Penal Law § 155.40 [1] [a class C felony]) and one count of grand larceny in the third degree (Penal Law § 155.35 [a class D felony]). Respondent was promised a jail sentence of 3¹/₃ to 10 years, with the possibility of a lesser sentence if he paid back any of the $1,704,862 he stole from his clients. Respondent was sentenced as promised, having failed to make any restitution.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), upon the ground that he has been automatically disbarred upon his conviction for felonies as defined by Judiciary Law § 90 (4) (e). The Committee also moves pursuant to 22 NYCRR 603.13 (g) for the appointment of an attorney(s) to inventory respondent's files; to act as a receiver of client funds in bank accounts maintained by respondent; and to take any necessary action to protect the interests of his former clients. Respondent submitted no response to the motion.

Respondent ceased being an attorney upon his conviction of a felony (*see* Judiciary Law § 90 [4] [a]; *Matter of Sorkin*, 28 AD3d 23 [1st Dept 2006]). With respect to the Committee's additional request, approximately 25 of respondent's clients filed complaints with the Disciplinary Committee and/or contacted the New York County District Attorney's office seeking their files, information about their cases or funds that may still be in

respondent's possession or under his control. Respondent is in no position to assist his former clients with these requests.

Accordingly, the Disciplinary Committee's petition seeking an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), effective nunc pro tunc to the date of the entry of his guilty plea, November 1, 2006, and to appoint an attorney(s) pursuant to 22 NYCRR 603.13 (g) to inventory respondent's files, to act as a receiver of client funds in bank accounts maintained by respondent, if any, and to take any necessary action to protect the interests of his former clients, should be granted, respondent disbarred, and his name stricken from the role of attorneys and counselors-at-law authorized to practice in this state, effective nun pro tunc to November 1, 2006, and an attorney appointed as receiver.

MAZZARELLI, J.P., MARLOW, BUCKLEY, SWEENY and KAVANAGH, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 1, 2006, and receiver appointed, as indicated.