[842 NYS2d 358]

In the Matter of FRANK DEGRASSE, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 26, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Frank DeGrasse, Jr. was admitted to the practice

of law in the State of New York by the Second Judicial Department on December 15, 1999 and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

Previously, this Court immediately suspended respondent from the practice of law until further order due to his failure to cooperate with the Committee's investigation into his neglect of five legal matters and mishandling of monies, and based upon uncontested evidence of misconduct which threatened the public interest (*Matter of DeGrasse*, 36 AD3d 126 [2006]). The Committee had presented uncontested evidence that respondent falsely held himself out at real estate closings as an authorized representative of a title abstract company, his bank records showed inadequate escrow balances, he improperly deposited client funds into his personal business account, and he withdrew substantial funds for personal use.

In 2006, respondent was charged in a multicount indictment with grand larceny in the first degree, grand larceny in the second degree, forgery in the second degree, scheme to defraud in the first degree, and falsifying business records in the first degree (10 counts). Specifically, respondent and his codefendants were charged with deceiving lender banks into issuing loans under false pretenses. On March 26, 2007, respondent was convicted, upon his plea of guilty, in Supreme Court, Suffolk County, of grand larceny in the second degree in violation of Penal Law § 155.40 (1), a class C felony, in full satisfaction of the indictment.

The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Although served, respondent has not appeared in this proceeding.

Respondent ceased to be an attorney in New York upon his conviction of a felony (Judiciary Law § 90 [4] [a]; *Matter of Berenholtz*, 40 AD3d 162 [2007]; *Matter of Chilewich*, 20 AD3d 109 [2005]).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys authorized to practice law (*see* Judiciary Law 90 [4] [b]), nunc pro tunc to March 26, 2007.

MARLOW, J.P., BUCKLEY, SWEENY, MCGUIRE and MALONE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 26, 2007.