[851 NYS2d 351]

In the Matter of LOUISE M. BROWN (Admitted as LOUISE MITCH-ELLE BROWN), an Attorney, Respondent. DEPARTMENTAL DIS-CIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 26, 2008

### APPEARANCES OF COUNSEL

*Alan K. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Lynch & Hammer* (*Scott Hammer* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Louise M. Brown was admitted to the practice of

law in the State of New York by the First Judicial Department on January 31, 2000 under the name Louise Mitchelle Brown. At all times relevant to this proceeding, she maintained an office for the practice of law within the First Judicial Department.

On January 26, 2007, respondent pleaded guilty to grand larceny in the first degree (Penal Law § 155.42), grand larceny in the second degree (Penal Law § 155.40 [1]), and falsifying business records in the first degree (Penal Law § 175.10), all felonies, after being indicted on charges arising out of her theft, in concert with others, of over $1,350,000 from a mortgage company.

Respondent failed to report her guilty plea to the Committee as required by Judiciary Law § 90 (4) (c). The Disciplinary Committee learned of respondent's plea from the Kings County District Attorney's Office when her guilty plea became unsealed. Respondent has not yet been sentenced.

The Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys on the ground that she was automatically disbarred upon her conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent did not submit any opposition to the petition.

The Committee's motion should be granted since a conviction for any criminal offense classified as a felony under the laws of this state results in automatic disbarment by operation of law (Judiciary Law § 90 [4] [a], [e]; *Matter of DeGrasse*, 44 AD3d 107 [2007] [attorney automatically disbarred based upon guilty plea to grand larceny in the second degree]; *Matter of Holder*, 42 AD3d 92 [2007] [same]; *Matter of Conroy*, 309 AD2d 57 [2003] [attorney automatically disbarred based upon conviction of, inter alia, grand larceny in the first degree]). Furthermore, the Committee's application is timely even though respondent has not yet been sentenced because the date of entry of a guilty plea is the date of conviction that triggers automatic disbarment (*Matter of Lee*, 43 AD3d 86 [2007]; *Matter of Mann*, 38 AD3d 87 [2006]).

Accordingly, the petition should be granted, the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to the date of entry of her guilty plea, January 26, 2007.

ANDRIAS, J.P., NARDELLI, WILLIAMS, McGUIRE and ACOSTA, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 26, 2007.