[859 NYS2d 423]

In the Matter of IRA L. BERMAN (Admitted as IRA LEWIS BER-MAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 3, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ira L. Berman was admitted to the practice of

law in the State of New York by the Second Judicial Department on December 14, 1966 and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

This Court, by order entered September 25, 2007, immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (iii), based upon uncontested evidence of professional misconduct immediately threatening the public interest, and appointed an attorney to act as receiver over respondent's clients' funds, pursuant to 22 NYCRR 603.13 (g) (*Matter of Berman*, 45 AD3d 219 [2007]).

On February 14, 2008, respondent pleaded guilty in Supreme Court, New York County, to one count of grand larceny in the first degree (Penal Law § 155.42), a class B felony, in full satisfaction of an eight-count superior court information. Respondent admitted that from on or about August 14, 2007, through October 5, 2007, he stole $2 million in escrow funds belonging to certain clients, which funds respondent was required to hold in his escrow account in connection with a real estate transaction. On February 28, 2008, respondent was sentenced to an indeterminate term of incarceration of 3 to 9 years and, as part of his plea and sentence agreement, respondent executed a confession of judgment in favor of all respondent's victims who were reimbursed by the Lawyers' Fund for Client Protection.

The Departmental Disciplinary Committee now moves for an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony, as defined by Judiciary Law § 90 (4) (e) (*see Matter of Caro*, 46 AD3d 136 [2007]; *Matter of Szegda*, 42 AD3d 193 [2007]). For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*Matter of Sheinbaum*, 47 AD3d 49 [2007]; *Matter of Ramirez*, 7 AD3d 52 [2004]), and respondent's conviction of the class B felony of grand larceny in the first degree constitutes grounds for automatic disbarment (*Matter of Brown*, 51 AD3d 76 [2008]; *Matter of Berenholtz*, 40 AD3d 162 [2007]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), should be granted, and respondent's name stricken from the roll of attorneys and

counselors-at-law, effective nunc pro tunc to February 14, 2008.

SAXE, J.P., GONZALEZ, NARDELLI, BUCKLEY and SWEENY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 14, 2008.