[880 NYS2d 605]

In the Matter of STEPHEN J. KATZ (Admitted as STEPHEN JOSHUA KATZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 19, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen J. Katz was admitted to the practice of

law in the State of New York by the Second Judicial Department on October 24, 2001. At all times relevant to this proceeding, respondent has maintained his principal place of business within the First Judicial Department.

On July 7, 2008, respondent pleaded guilty in Supreme Court, New York County, to one count of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16), a class C felony, and one count of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06), a class D felony, in full satisfaction of two separate indictments. Respondent admitted that on May 18, 2007 he knowingly and unlawfully possessed the hallucinogenic "MDMA," a controlled substance, with the intent to sell it, and that on June 1, 2007 he knowingly and unlawfully attempted to possess at least one gram of "MDMA" and "MA," another hallucinogen, with the intent to sell it. On September 2, 2008, respondent was sentenced to two concurrent prison terms of one year.

The Departmental Disciplinary Committee now moves for an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony, as defined by Judiciary Law § 90 (4) (e) (*see Matter of Berman,* 53 AD3d 11 [2008]; *Matter of Cherry,* 51 AD3d 119 [2008]). For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*see Matter of Sheinbaum,* 47 AD3d 49 [2007]; *Matter of Ramirez,* 7 AD3d 52 [2004]), and respondent's conviction of two drug-related felonies constitutes grounds for automatic disbarment (*see Matter of Weinstat,* 128 AD2d 90 [1987]; *Matter of Hill,* 61 AD2d 185 [1978]).

Accordingly, the Committee's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to July 7, 2008, the date of entry of his guilty plea.

GONZALEZ, P.J., TOM, SWEENY, BUCKLEY and ACOSTA, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 7, 2008.