[898 NYS2d 1]

In the Matter of FRANCIS X. MORRISSEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 18, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Thomas P. Puccio* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Francis X. Morrissey was admitted to the practice

of law in the State of New York by the First Judicial Department on October 15, 1973. At all times relevant to these proceedings, respondent maintained his principal place of business within the First Judicial Department.*

On October 8, 2009, following a jury trial in Supreme Court, New York County, respondent was found guilty of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), conspiracy in the fourth degree (Penal Law § 105.10 [1]), and forgery in the second degree (Penal Law § 170.10 [1]), all felonies, as well as conspiracy in the fifth degree (Penal Law § 105.05 [1]), a class A misdemeanor. On December 21, 2009, he was sentenced to a cumulative term of imprisonment of 1 to 3 years.

Respondent's conviction arose out of his participation in a scheme to defraud Brooke Astor. Respondent, with the assistance of Brooke Astor's son, Anthony Marshall, looted Ms. Astor's estate during the period from approximately 2001 to 2007, when her mental capacity was diminished. Respondent was found guilty of forging a codicil to Ms. Astor's will, thereby giving Mr. Marshall the power to appoint coexecutors and shifting some $5 million in estate costs from the $60 million residuary estate, over which Mr. Marshall had outright control under the terms of an earlier codicil, to a $60 million trust. Respondent was subsequently appointed coexecutor of the trust by Mr. Marshall together with Mr. Marshall's wife.

The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a) on the ground that he was automatically disbarred as a result of his conviction of a felony under New York law. Respondent's counsel has submitted a letter response asking this Court to stay its order until respondent's anticipated appeal of his criminal conviction is decided, a request the Committee opposes.

A conviction of a criminal offense classified as a felony under the laws of this state results in automatic disbarment (*see* Judiciary Law § 90 [4] [b], [e]; *Matter of Conroy*, 309 AD2d 57 [2003]). Thus, upon his conviction of three felonies, respondent ceased to be an attorney by operation of law (*see Matter of Just*, 38 AD3d 58 [2006] [scheme to defraud in the first degree]; *Matter of Velella*, 11 AD3d 50 [2004] [conspiracy in the fourth

---

* In 1995, respondent was suspended from the practice of law for a period of two years (217 AD2d 74 [1995]) and reinstated in 1998 after a hearing (254 AD2d 219 [1998]).

degree]; *Matter of Postel*, 165 AD2d 474 [1991] [inter alia, forgery in the second degree]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to October 8, 2009, the date of conviction.

TOM, J.P., MAZZARELLI, DEGRASSE, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 8, 2009.