[940 NYS2d 19]

In the Matter of JAMES W. MARGULIES (Admitted as JAMES WARREN MARGULIES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 21, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Robert D. DiDio*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent James W. Margulies was admitted to the practice of law in the State of New York by the First Judicial Department on June 20, 1994, under the name James Warren Margulies. At all times relevant to this proceeding, respondent maintained his principal place of business in Cleveland, Ohio.

Respondent and a codefendant were indicted for various felonies relating to their participation between 2004 and 2008 in a massive securities fraud "pump-and-dump" scheme whereby they artificially inflated stock prices of Industrial Enterprises of America, Inc. before selling off essentially worthless shares of stock to a series of investors, which destroyed the value of the company and drove it into bankruptcy.

On July 19, 2011, in Supreme Court, New York County, respondent was convicted, after a jury trial, of 30 felonies, to wit, grand larceny in the first degree in violation of Penal Law § 155.42 (2 counts), a class B felony; scheme to defraud in the first degree in violation of Penal Law § 190.65 (1) (b), a class E felony; conspiracy in the fourth degree in violation of Penal Law § 105.10 (1), a class E felony; falsifying business records in the first degree in violation of Penal Law § 175.10 (24 counts), a class E felony; and violation of General Business Law § 352-c (5) and (6) (Martin Act), class E felonies.

On September 9, 2011, respondent was sentenced to 1⅓ to 4 years on the class E felonies to run concurrently to 7 to 21 years on the class B felonies, and was ordered to make restitution in the sum of $7 million.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that by virtue of his felony conviction he has been automatically disbarred (*see Matter of Berman*, 53 AD3d 11 [2008] [automatic disbarment where attorney convicted of grand larceny in the first degree]; *Matter of Brown*, 51 AD3d 76 [2008] [automatic disbarment where attorney convicted of grand larceny in first degree and falsifying business records in the first degree]; *Matter of Weissman*, 5 AD3d 28 [2004] [automatic disbarment based on felony convictions of, inter alia, scheme to defraud in the first degree and falsifying business records in the first degree]). Respondent has failed to appear or answer the petition.

Judiciary Law § 90 (4) (a) provides that any person being an attorney and counselor-at-law who is convicted of a felony as provided in paragraph (e), shall, upon such conviction, cease to be an attorney or counselor-at-law. Judiciary Law § 90 (4) (e) provides, in pertinent part, that "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state . . . ." Since respondent was convicted of felonies in a court of this state (Judiciary Law § 90 [4] [b], [e]), he was automatically disbarred upon his conviction.

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 19, 2011.

ANDRIAS, J.P., SWEENY, MOSKOWITZ, RENWICK and FREEDMAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 19, 2011.