*18 OPINION OF THE COURT
Per Curiam.
Respondent Douglas R. Arntsen was admitted to the practice of law in the State of New York by the Second Judicial Department on June 11, 2003 under the name Douglas Raymond Arntsen. At all times relevant to these proceedings, respondent practiced law within the First Judicial Department.
On October 2, 2012, respondent pleaded guilty in Supreme Court, New York County to three counts of grand larceny in the first degree, a class B felony, in violation of Penal Law § 155.42, and one count of scheme to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65 (1) (b), in full satisfaction of a 10-count superior court information. Respondent’s conviction arose from his theft of more than $10 million over a two-year period, from two corporate clients. Respondent admitted transferring funds belonging to these clients out of escrow accounts and into bank accounts he personally controlled.
On October 17, 2012, respondent was sentenced to 4 to 12 years on each grand larceny count and 1 to 3 years on the scheme to defraud count, all sentences to run concurrently. Respondent was also ordered to make restitution in the amount of $10,781,185.
The Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent’s name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony, as defined by Judiciary Law § 90 (4) (e) (see Matter of Schwab, 94 AD3d 49 [1st Dept 2012] [automatic disbarment where attorney convicted of grand larceny in the third degree]; Matter of Berman, 53 AD3d 11 [1st Dept 2008] [automatic disbarment where attorney convicted of grand larceny in the first degree]). For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (Matter of Weissman, 5 AD3d 28 [1st Dept 2004]; Matter of Christiansen, 220 AD2d 98 [1st Dept 1996]).
Although respondent, pro se, was served with the Committee’s motion by first-class mail and certified mail, return receipt requested in the facility where he is incarcerated, no response has been received by the Court.
Respondent’s conviction of the felonies of grand larceny in the first degree and scheme to defraud in the first degree constitute ground for his automatic disbarment and his name *19 should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) (Matter of Margulies, 93 AD3d 145 [1st Dept 2012]).
Accordingly, the Committee’s petition should be granted and respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 2, 2012.
Tom, J.E, Sweeny, Renwick, Abdus-Salaam and ManzanetDaniels, JJ, concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 2, 2012.