OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in the State of New York by this Court on October 16, 2000. Her business *132 address on file with the Office of Court Administration is in North Brunswick, New Jersey.
On February 15, 2013, in Supreme Court, New York County, respondent was convicted, after a nonjury trial, of three counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), a class D felony; two counts of offering a false instrument for filing in the first degree (Penal Law § 175.35), a class E felony; and conspiracy in the fifth degree (Penal Law § 105.05 [1]), a class A misdemeanor. In essence, the court found that respondent, acting in concert with a codefendant, forged various documents pertaining to her educational and professional qualifications, and submitted some of these false documents to the New York State Office of Court Administration. On March 27, 2013, respondent was sentenced to five years’ probation and fined $5,000.
The Departmental Disciplinary Committee now seeks an order striking respondent’s name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that she has been disbarred by operation of law upon her convictions of felonies as defined in Judiciary Law § 90 (4) (e) (see Matter of Morrissey, 72 AD3d 255 [1st Dept 2010]; Matter of Rodwin, 271 AD2d 167 [1st Dept 2000]).
A conviction of “any criminal offense classified as a felony under the laws of this state” (Judiciary Law § 90 [4] [e]) results in automatic disbarment by operation of law (see Judiciary Law § 90 [4] [b]; Matter of Margulies, 93 AD3d 145 [1st Dept 2012]; Matter of Brown, 51 AD3d 76 [1st Dept 2008]). This Court has previously recognized the disbarment of attorneys who have been similarly convicted of the New York felonies of criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree (see Matter of Armenakis, 86 AD3d 205 [1st Dept 2011]; Matter of Bernstein, 78 AD3d 94 [1st Dept 2010]; Matter of Adler, 292 AD2d 81 [1st Dept 2002]).
Accordingly, the Committee’s petition is granted, respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 15, 2013.
Gonzalez, PJ., Mazzarelli, Friedman, Saxe and Renwick, JJ., concur.
Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 15, 2013.