[989 NYS2d 853]

In the Matter of SHIGETAKA OGIHARA, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Krinsky, PLLC* (*Pery D. Krinsky* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Shigetaka Ogihara was admitted to the practice of law in the State of New York by the Second Judicial Department on January 14, 1987. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*Matter of Morrissey*, 72 AD3d 255 [1st Dept 2010]; *Matter of Rodwin*, 271 AD2d 167 [1st Dept 2000]).

On April 7, 2014, respondent pleaded guilty in Supreme Court, New York County, to grand larceny in the first degree in violation of Penal Law § 155.42, a class B felony, and signed a confession of judgment for $1.8 million. Respondent admitted that in or about 2009 to 2010 he transferred to a third person $1.8 million belonging to his client, K.Y., which he was required to hold in his attorney IOLA account for her future use. The transfer was without his client's permission and with the intent to appropriate those funds to a third person. When K.Y. asked for the return of her funds, respondent was unable to do so because they were no longer in his possession; he conceded that his conduct was "wrong and illegal." Respondent is scheduled to be sentenced in October 2014.

A conviction of "any criminal offense classified as a felony under the laws of this state" (Judiciary Law § 90 [4] [e]) results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [b]; *Matter of Margulies*, 93 AD3d 145 [1st Dept 2012]; *Matter of Brown*, 51 AD3d 76 [1st Dept 2008]). This Court has previously disbarred attorneys who have been similarly convicted of the New York felony of grand larceny in the first degree (*see Matter of Arntsen*, 106 AD3d 17 [1st Dept 2013]; *Matter of Margulies*, 93 AD3d 145 [2012]; *Matter of Berman*, 53 AD3d 11 [1st Dept 2008]).

This application is timely even though respondent has not yet been sentenced since, for purposes of "automatic disbarment" conviction occurs at the time of plea (*see Matter of Armenakis*, 86 AD3d 205 [1st Dept 2011]; *Matter of Chilewich*, 20 AD3d 109 [1st Dept 2005]). Further, by letter dated June 12, 2014, respondent's counsel advised this Court that respondent does not oppose the Committee's motion to strike his name from the rolls.

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 7, 2014.

GONZALEZ, P.J., ACOSTA, RENWICK, RICHTER and GISCHE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 7, 2014.