[13 NYS3d 423]

In the Matter of BARTON NACHAMIE, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 9, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Michael S. Ross* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Barton Nachamie was admitted to the practice of law in the State of New York by the Second Judicial Department on March 31, 1960. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On March 12, 2015, in Supreme Court, New York County, respondent was convicted, upon his plea of guilty, of grand larceny in the third degree in violation of Penal Law § 155.35 (1) (two counts), a class D felony, and of falsifying business records in the first degree in violation of Penal Law § 175.10 (five counts), a class E felony.

At his plea allocution, respondent admitted that beginning in October 2006 to in or about December 2013, he stole property exceeding $500,000 from the attorney IOLA account of his former law firm and that he concealed his theft for his own benefit by intentionally making false entries in the business records of the firm. Additionally, from approximately February 2011 to on or about December 13, 2013, respondent stole property exceeding $50,000 from the firm's operating account by making transfers from that account into his personal bank account for his own benefit and without permission or authority to do so.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*see Matter of Morrissey*, 72 AD3d 255 [1st Dept 2010]; *Matter of Rodwin*, 271 AD2d 167 [1st Dept 2000]).

A conviction of "any criminal offense classified as a felony under the laws of this state" (Judiciary Law § 90 [4] [e]) results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [b]; *Matter of Margulies*, 93 AD3d 145 [1st Dept 2012]; *Matter of Brown*, 51 AD3d 76 [1st Dept 2008]). This Court has previously disbarred attorneys who have been similarly convicted of the New York felony of grand larceny in the third degree and of falsifying business records in the first degree (*see Matter of Weissman*, 5 AD3d 28 [1st Dept 2004]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 12, 2015.

FRIEDMAN, J.P., SWEENY, ANDRIAS, SAXE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 12, 2015.