[30 NYS3d 878]

In the Matter of CHARLES A. BENNETT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 2, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Charles E. Bennett,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Charles A. Bennett was admitted to the practice of law in the State of New York by the First Judicial Department on June 2, 1986. Although respondent currently resides in Minnesota, for most of the time relevant hereto he maintained a registered address within the First Judicial Department.

On October 28, 2015, respondent pleaded guilty in the United States District Court for the Southern District of New York to securities fraud in violation of 15 USC §§ 78j (b) and 78ff and 17 CFR 240.10b-5 and 18 USC § 2, and wire fraud in violation of 18 USC §§ 1343 and 2, both felonies. On May 19, 2016, respondent was sentenced to, inter alia, five years in prison and three years of supervised release.

Respondent's conviction stems from a Ponzi scheme by which, between 2008 and 2014, he solicited approximately $10 million from more than 30 investors under false pretenses. Respondent misappropriated the investor funds and converted them to his own use and use by others, including using the funds to meet the periodic redemption requests of other investors.

To effectuate this fraudulent scheme, respondent, inter alia, created fake and misleading documents that he sent to investors, including fraudulent account statements. In or about 2014, his scheme began to unravel when several investors contacted him about redeeming their investments. In November 2014, in connection with a failed suicide attempt, respondent authored a handwritten note in which he admitted to perpetrating the Ponzi scheme.

Respondent was indicted in January 2015. At his plea allocution, he testified that to obtain money, he solicited investments from his family and friends by falsely representing to them that the money would be invested in a private investment fund that purchased and sold securities, when he knew the investments were not being made and were not going to be made. Respondent also testified that he perpetuated the fraud, in part, through emails, telephone calls and wire transfers.

The Departmental Disciplinary Committee (Committee) now seeks an order striking respondent's name from the roll of attorneys under Judiciary Law § 90 (4) (b) upon the ground that he was automatically disbarred as a result of his conviction of a federal felony that would constitute a felony if committed under New York law (Judiciary Law § 90 [4] [e]; *Matter of Kluger*, 102 AD3d 168 [1st Dept 2013]; *Matter of Rosenthal*, 64 AD3d 16 [1st Dept 2009]). Respondent was served with the petition and has not submitted a response.

For purposes of the application of Judiciary Law § 90 (4) (a), which authorizes automatic disbarment of any attorney upon conviction of a felony, Judiciary Law § 90 (4) (e) defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-jurisdiction felony must be "essentially similar," but not necessarily identical to, an offense classified as a felony in New York (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

Respondent's federal conviction for securities fraud (15 USC §§ 78j [b]; 78ff; 17 CFR 240.10b-5) is "essentially similar" to the New York felony of insider trading under General Business Law § 352-c (5) and (6). Violation of either one of these sections of the General Business Law constitutes a felony and, therefore, automatic disbarment is proper (*see Matter of Kluger*, 102 AD3d at 170; *Matter of Cutillo*, 86 AD3d 1 [1st Dept 2011]; *Matter of Marks*, 4 AD3d 11 [1st Dept 2004]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b) effective nunc pro tunc to October 28, 2015.

TOM, J.P., SWEENY, ANDRIAS, MANZANET-DANIELS and WEBBER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 28, 2015.