[39 NYS3d 766]

In the Matter of BENJAMIN YU, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Benjamin Yu*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Benjamin Yu was admitted to the practice of law in the State of New York by the First Judicial Department on October 4, 2004. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On May 31, 2016, in Supreme Court, New York County, respondent was convicted, after a jury trial, of conspiracy in the fourth degree (Penal Law § 105.10 [1]), a class E felony; two counts of bribery in the second degree (Penal Law § 200.03), a class C felony; and 13 counts of rewarding official misconduct in the second degree (Penal Law § 200.20), a class E felony. Respondent's conviction stemmed from his paying an employee of the New York City Criminal Justice Agency to persuade criminal defendants to retain respondent as their attorney. On August 17, 2016, respondent was sentenced to 3 to 9 years in prison; he remains free on bail pending appeal.

The Departmental Disciplinary Committee (Committee) now seeks an order striking respondent's name from the roll of attorneys under Judiciary Law § 90 (4) (b), on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*Matter of Morrissey*, 72 AD3d 255 [1st Dept 2010]; *Matter of Rodwin*, 271 AD2d 167 [1st Dept 2000]). Respondent's counsel was served with this motion, but neither counsel nor respondent has appeared or submitted a response to this petition.

A conviction of "any criminal offense classified as a felony under the laws of this state" (Judiciary Law § 90 [4] [e]) results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [b]; *Matter of Ogihara*, 121 AD3d 47 [1st Dept 2014]; *Matter of McLean*, 113 AD3d 89 [1st Dept 2013]). Moreover, attorneys who have been convicted of the same felonies as respondent have been disbarred (*see e.g. Matter of Margulies*, 93 AD3d 145 [1st Dept 2012]; *see also Matter of Headley*, 123 AD3d 89 [2d Dept 2014]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 31, 2016.

MOSKOWITZ, J.P., FEINMAN, GISCHE, KAPNICK and GESMER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 31, 2016.