Matter of Wellner (2018 NY Slip Op 05409)





Matter of Wellner


2018 NY Slip Op 05409


Decided on July 19, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 19, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr., Justice Presiding,
 Troy K. Webber
 Ellen Gesmer
 Anil C. Singh
 Peter H. Moulton, Justices.


M-1598

[*1]In the Matter of Keith D. Wellner, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Keith D. Wellner, (OCA Atty. Reg. No. 2534139) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Keith D. Wellner, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 26, 1993.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Mehler Law PLLC (Gordon Mehler, Esq., of counsel), for respondent.



PER CURIAM


Respondent Keith D. Wellner was admitted to the practice of law in the State of New York by the Third Judicial Department on January 26, 1993. At all times relevant to this proceeding, respondent has registered his business address within the First Department.
On December 18, 2017, respondent was convicted of six felony counts in the United States District Court for the Southern District of New York pursuant to a plea agreement with the government. Respondent's convictions stemmed from his participation, between 2011 and 2012, in a conspiracy to commit fraud on investors in Weston Capital Asset Management, a registered investment adviser for which respondent was the general counsel, chief operating officer, and [*2]chief compliance officer. Among respondent's convictions were two counts of securities fraud under 15 USC §§ 78j(b) and 78ff.
The Attorney Grievance Committee (the Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the basis that he was convicted of a felony as defined by Judiciary Law § 90(4)(e) and should be disbarred automatically. Respondent, through counsel, consents to this request.[FN1]
For the purposes of automatic disbarment, a "felony" includes "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]; see also Judiciary Law § 90[4][a]). A federal felony offense need not be the "mirror image" of a New York State felony in order to trigger automatic disbarment; if the offense in question shares "essential similarity" with a New York State felony, the requirements of the Judiciary Law will be met (Matter of Margiotta, 60 NY2d 147, 150 [1983]).
We have previously held that a conviction for securities fraud under 15 USC §§ 78j(b) and 78ff is essentially similar to the New York State felony of fraudulent securities transactions in violation of General Business Law § 352-c(5) and (6) (see Matter of Bennett, 141 AD3d 1, 3 [1st Dept 2016]; Matter of Kluger, 102 AD3d 168, 170 [1st Dept 2013]; Matter of Marks, 4 AD3d 11, 12 [1st Dept 2004]). Since respondent's federal felony convictions include convictions for two counts of securities fraud under 15 USC §§ 78j(b) and 78ff, the Committee correctly argues that respondent's federal convictions include convictions for felony offenses essentially similar to New York State felonies. 
Accordingly, the Committee's motion should be granted and respondent's name shall be stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law §§ 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), and disbarring him effective nunc pro tunc to his December 18, 2017 date of conviction.
All concur. 
Order filed.
[July 19, 2018]
Committee's motion is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c), effective nunc pro tunc to December 18, 2017.



Footnotes

Footnote 1: While respondent had not yet been sentenced at the time of the Committee's motion, the motion was timely. For the purposes of automatic disbarment, a conviction occurs at the time of the plea (see Matter of Ogihara, 121 AD3d 47 [1st Dept 2014]).