Matter of Carlebach (2018 NY Slip Op 05737)





Matter of Carlebach


2018 NY Slip Op 05737


Decided on August 9, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 9, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

 Jeffrey K. Oing, Justices.


M-2341

[*1]In the Matter of Pincus D. Carlebach, (admitted as Pincus David Carlebach) a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Pincus D. Carlebach, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Pincus D. Carlebach, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 27, 1991.



Jorge Dopico, Chief Attorney, Attorney Grievance
Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Richard A. Finkel, Esq. & Associates, PLLC (Richard A. Finkel, of counsel) for respondent.



Per Curiam


Respondent Pincus D. Carlebach was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 1991, under the name Pincus David Carlebach. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
By order entered November 21, 2017, respondent was immediately suspended from the practice of law based on uncontroverted evidence of professional misconduct, namely, that [*2]respondent converted and/or misappropriated third-party funds in connection with a bankruptcy related real estate transaction, which misconduct immediately threatened the public interest (see 156 AD3d 44 [1st Dept 2017]).
On May 3, 2018, respondent entered a plea of guilty in Supreme Court, New York County, to scheme to defraud in the first degree (Penal Law § 190.65[1][b]), a class E felony, and grand larceny in the second degree (Penal Law § 155.40[1]), a class C felony. At the plea proceeding, respondent admitted that he committed first-degree scheme to defraud by engaging in a scheme constituting an ongoing course of conduct with the intent to defraud and to obtain property with a value in excess of $1,000.00. Specifically, respondent, while representing clients in bankruptcy matters, engaged in a scheme by which he embezzled $1.83 million in escrow funds from his IOLA account and used those funds for personal expenses and to repay the embezzled funds. Respondent also admitted that he committed second-degree grand larceny by stealing over $50,000.00 of property from SH575 Holdings LLC.[FN1]
The Attorney Grievance Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b), and the Rules of Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1) on the ground that he was convicted of felonies as defined by Judiciary Law § 90(4)(e), and thus should be automatically disbarred. The Committee asserts that its application is timely because, for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see Matter of Ogihara, 121 AD3d 47 [1st Dept 2014]; Matter of Silberman, 31 AD3d 21 [1st Dept 2006]). Respondent does not oppose the instant motion.
Respondent's admission of guilt of the New York felonies of scheme to defraud in the first degree and grand larceny in the second degree constitutes grounds for disbarment and his name shall be stricken from the rolls pursuant to Judiciary Law § 90(4)(b) (see Matter of Scollar, 159 AD3d 59 [1st Dept 2017]; Matter of Arnsten, 106 AD3d 17 [1st Dept 2013]; Matter of Bernstein, 78 AD3d 94 [1st Dept 2010].
Accordingly, the Committee's motion should be granted and respondent's name shall be stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), nunc pro tunc to May 3, 2018.
All concur.
Order filed. [August 9, 2018]
The Committee's motion is granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), nunc pro tunc to May 3, 2018.



Footnotes

Footnote 1: On March 28, 2018 respondent also pleaded guilty in the Southern District of New York to embezzling $30,000.00 from a client's bankruptcy estate.