Matter of Birnbaum (2022 NY Slip Op 03992)

Matter of Birnbaum

2022 NY Slip Op 03992

Decided on June 21, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Jeffrey K. Oing
Peter H. Moulton
Saliann Scarpulla
John R. Higgitt, JJ.

Motion No. 2022-01487 Case No. 2022-01393 

[*1]In the Matter of Jaeson L. Birnbaum, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jaeson L. Birnbaum, (OCA Atty. Reg. No. 4158127), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 18, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Jaeson L. Birnbaum was admitted to the practice of law in the State of New York by the First Judicial Department on July 18, 2003. At most times relevant to this proceeding, respondent maintained his principal place of business within this Judicial Department.
On September 28, 2021, respondent pleaded guilty, in the United States District Court for the Southern District of New York, to the federal felony of securities fraud in violation of 15 USC §§ 78j(b) and 78ff, 17 CFR 240.10b-5, and 18 USC § 2. Respondent has not yet been sentenced.
Respondent's conviction stemmed from his operation of two litigation funding firms, Cash4Cases, Inc and Liberty Bridge, that did business in New York and New Jersey. Through these companies, respondent sold investors the rights to recoveries of certain lawsuits that had already been pledged to other investors, transferred to other entities, or been concluded. Respondent used money raised by the two firms for personal purposes. To cover up his fraudulent activities, respondent directed an employee to falsify books and records to make it appear that certain cases were available to be pledged as collateral to new investors, when in fact the matters had already concluded.
The Attorney Grievance Committee (Committee) moves to strike respondent's name from the roll of attorneys pursuant to Judiciary Law §§ 90(4)(a) and (b), and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1) on the ground that he was convicted of a federal felony which would constitute a felony if convicted under New York law, as defined by Judiciary Law § 90(4)(e), and therefore respondent has been automatically disbarred. Even though respondent has not yet been sentenced, the Committee's application is timely because, for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Ravelo, 163 AD3d 98, 102 [1st Dept 2018]).
Respondent, pro se, accepted service of this motion by email, but has not submitted a response.
Under § 90(4)(a) of the Judiciary Law, "[a]ny person being an attorney... who shall be convicted of a felony as defined in [Judiciary Law § 90(4)(e)], shall upon such conviction, cease to be an attorney." For purposes of this provision, a felony is "any criminal offense committed in any district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]). The federal felony need not be a "mirror image" of the New York felony but it must possess "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]).
Here, respondent's convictions under 15 USC §§ 78j(b) and 78ff were sufficient to trigger Judiciary Law § 90(4)(a)'s automatic disbarment provision. The federal statute proscribing [*2]securities fraud, as defined by 15 USC §§ 78j(b) and 78ff, is essentially similar to New York's statute, General Business Law § 352-c(5) and (6) (see e.g. Matter of Wellner, 163 AD3d 154 [1st Dept 2018]; Matter of Bennett, 141 AD3d 1 [1st Dept 2016]; Matter of Kluger, 102 AD3d 168 [1st Dept 2013]; Matter of Gansman, 73 AD3d 1 [1st Dept 2010]; Matter of Appell, 27 AD3d 81 [1st Dept 2006]). Thus, by virtue of his felony conviction, respondent was automatically disbarred.
Accordingly, the Committee's motion should be granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 28, 2021, the date of his conviction.
All Concur
IT IS ORDERED that the Attorney Grievance Committee's motion is granted and
pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), respondent, Jaeson L. Birnbaum, is disbarred, effective nunc pro tunc to September 28, 2021, based on his conviction of a felony, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, and
IT IS FURTHER ORDERED that the respondent, Jaeson L. Birnbaum, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Jaeson L. Birnbaum, is commanded to desist and refrain from (1) practicing law in any form, either as a principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if respondent, Jaeson L. Birnbaum, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: June 21, 2022